IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD CREELY<br>1610 State Road<br>Croydon, PA 19021<br><br>    Plaintiff,<br><br>  v.<br><br>ASSERO SERVICES, LLC.<br>10 Canal Street<br>Bristol, PA 19007<br><br>    Defendant. | CIVIL ACTION<br><br>No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Richard Creely (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Assero Services, LLC (*hereinafter* referred to as "Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000d *et. seq.*), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" - 42 U.S.C. § 1981), the Americans with Disabilities Act ("ADA" - 42 U.S.C. §§ 12101 *et. seq.*, and Fair Labor Standards Act ("FLSA - 29 U.S.C. §§ 201 *et. seq.*) As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where they are subjected to personal jurisdiction, rendering Defendant resident of this District.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is a Caucasian male with an address as set forth in the caption.

7. Defendant Assero Services, LLC ("Defendant") is a foreign (Delaware-incorporated) entity operating a depot location at the above-captioned address within the Commonwealth of Pennsylvania. Defendant engages in residential and commercial repairs, construction, and other labor-related services.

8. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff is a Caucasian male.

11. Plaintiff was hired by Defendant in or about late September of 2015; and in total, was only employed with Defendant for approximately 1 year.

12. Plaintiff was hired by Defendant's District Manager, one Brian Grissy (spelled phonetically).

13. Plaintiff worked for Defendant in the position of laborer, and his primary duties within pre-set teams entailed: (a) cleaning houses where work was performed; (b) doing landscaping; and (c) other general labor as requested. Most of Plaintiff's work was performed at properties within New Jersey, but he generally performed work all throughout New Jersey and Eastern Pennsylvania (wherever he was transported by Defendant).

14. Another supervisor of Plaintiff was "Ray" (full name unknown), a depot manager, oversaw employees such as Plaintiff within Defendant.

15. Plaintiff was treated in a very discriminatory manner because of his race / national origin and separately because of his health / disabilities.

16. As to Plaintiff's race and/or national origin:

   (A) Defendant employed mostly non-white employees (and in particular many Hispanic employees);

   (B) Ray repeatedly singled out Plaintiff by referring to him as "White Rich," "the lazy white guy," and encouraged Plaintiff's coworkers who were predominantly Hispanic to make fun of him (including but not limited to referring to him as Gringo and other offensive jokes and terms);

   (C) Discrimination went to the very essence of Defendant, as Grissy himself (a high-level manager overseeing operations) stated he was going to find "the spic" who was stealing equipment from Defendant (a derogatory reference to suspecting a Hispanic employee of theft); and

   (D) Plaintiff was the sole white / Caucasian employee on each assigned team wherein he performed labor.

3

17. As to Plaintiff's health / disabilities:

   (A) Plaintiff has a long history of suffering from a severe anxiety disorder (and other related complications), which causes him at times to visibly shake, stutter and to have other physical manifestations (at times limiting his social interaction, communication, and other mental or physical life activities);

   (B) Notwithstanding Plaintiff's health problems, he was at all times able to perform his job duties well and satisfactorily within Defendant;

   (C) Plaintiff's management, and in particular Ray, (in addition to the aforesaid racial references) repeatedly also referred to Plaintiff as Michael J. Fox (a celebrity who suffers from Parkinson's Disease and also shakes) and made other comments that were offensive from a health discrimination standpoint; and

   (D) Plaintiff repeatedly told Ray he does not have Parkinson's disease but suffers from an anxiety disorder.

18. Plaintiff expressed concerns to Defendant's management about the foregoing discrimination concerns referenced in paragraphs 16 and 17 above. Specifically, Plaintiff asked to stop being called discriminatory names because it was making his anxiety condition worse.

19. In addition to opposing discriminatory treatment, Plaintiff also raised concerns with Defendant's exploitive and unlawful payment practices as follows:

   (A) Plaintiff was often not paid full in his checks, including for his overtime compensation. As a result, Plaintiff repeatedly expressed concerns of unpaid wages including overtime compensation;

   (B) Defendant withheld substantial pay from Plaintiff's first and second payroll checks explaining it is paid to him when he separates. In total, Defendant's withheld in excess of 50 hours of Plaintiff's pay despite his objections; and

   (C) When Plaintiff was terminated from his employment, he was not paid previously withheld earned compensation.

20. Plaintiff was terminated from Defendant on or about October 29, 2016. At the time of his termination, he was told he was being "laid off." Upon information and belief, Plaintiff was terminated for discriminatory, retaliatory and pretextual reasons as Defendant

4

continued to employ, retain and hire employees to perform the same and/or similar job as Plaintiff.

## Count I
## Violations of 42 U.S.C. § 1981
### (Race Discrimination & Retaliation & Hostile Work Environment)

21. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

22. Plaintiff was subjected to a hostile work environment during his very short period of employment due to his race through disparate and abusive treatment and/or discriminatory treatment towards him.

23. Despite Plaintiff's complaints of race discrimination, Defendant's management failed to properly investigate or resolve Plaintiff's complaints of discrimination.

24. Instead of investigating Plaintiff's aforesaid complaints of race discrimination, Plaintiff was subjected to a termination within close temporal proximity of his aforesaid protective activity.

25. These actions as aforesaid constitute unlawful racial discrimination, retaliation, and a hostile work environment in violation of 42 U.S.C. §1981.

## Count II
## Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")
### (Race Discrimination & Retaliation & Hostile Work Environment)

26. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

27. Plaintiff properly exhausted his administrative remedies before proceeding in this Court for violations of Title VII by timely filing a Charge with the Equal Employment

Opportunity Commission ("EEOC") and by filing the instant Complaint within 90 days of receiving a notice of case closure and/or right-to-sue letter.

28.  Plaintiff was subjected to a hostile work environment during his very short period of employment due to his race through disparate and abusive treatment and/or discriminatory treatment towards him.

29.  Despite Plaintiff's complaints of race discrimination, Defendant's management failed to properly investigate or resolve Plaintiff's complaints of discrimination.

30.  Instead of investigating Plaintiff's aforesaid complaints of race discrimination, Plaintiff was subjected to a termination within close temporal proximity of his aforesaid protective activity.

31.  These actions as aforesaid constitute violations of Title VII.

## Count III
## Violation of the Americans with Disabilities Act ("ADA")
**(Race Discrimination & Retaliation & Hostile Work Environment)**

32.  The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33.  Plaintiff properly exhausted his administrative remedies before proceeding in this Court for violations of the ADA by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant Complaint within 90 days of receiving a notice of case closure and/or right-to-sue letter.

34.  Plaintiff was subjected to a hostile work environment through abusive treatment and discriminatory comments on account of his known or perceived disabilities. Plaintiff was also terminated because of: (a) his concerns of discriminatory treatment being expressed; and/or (b) due to his actual and/or perceived health problems; and/or (c) in retaliation for him requesting

a very easy accommodation of not making discriminatory comments because it was exacerbating his health problems.

35. These actions as aforesaid constitute violation of the ADA.

### Count IV
### Violations of the Fair Labor Standards Act ("FLSA")
### (Unpaid Overtime and Retaliation)

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Plaintiff was not properly paid for all overtime worked, as he had checks shorted and improper withholdings made.

38. Plaintiff expressly complained of overtime nonpayment and was terminated thereafter because of same. Any retaliation against Plaintiff for exercising his statutory rights to complain of unpaid overtime was per se unlawful. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 131 S. Ct. 1325, 179 L. Ed. 2d 379 (2011)(it is illegal under the FLSA to retaliate against an employee for verbal or written concerns of unpaid overtime compensation).

39. Defendant's actions as aforesaid constitute violations of the FLSA.

### Count V
### Violations of the Pennsylvania Wage and Collection Law(s)
### (unlawful withholding, docking and non-payment of earned wages)

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. As explained supra, Plaintiff was not paid all wages owed, earned and worked for during the course and scope of his employment due to unlawful withholding, docking, deductions and improper and incomplete payments per pay period.

42.     These actions as aforesaid constitute violations of the PA Wage and Collection Law(s).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B.      Plaintiff is to be awarded liquidated and punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

> Respectfully submitted,
>
> KARPF, KARPF & CERUTTI, P.C.
>
> By: _____
> Ari R. Karpf, Esq.
> 3331 Street Road
> Two Greenwood Square
> Suite 128
> Bensalem, PA 19020
> (215) 639-0801

Dated: March 13, 2017

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| RICHARD CREELY | : | CIVIL ACTION |
| v. | : | |
| ASSERO SERVICES, LLC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 3/13/2017 | | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1610 State Road, Croydon, PA 19021

Address of Defendant: 10 Canal Street, Bristol, PA 19007

Place of Accident, Incident or Transaction: Defendants place of business
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 3/13/2017         _____         ARK2484
                        Attorney-at-Law         Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/13/2017         _____         ARK2484
                        Attorney-at-Law         Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CREELY, RICHARD

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

### DEFENDANTS
ASSERO SERVICES, LLC.

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000), Section 1981 (42USC1981), ADA (42USC12101), FLSA (29USC201)
Brief description of cause:
Violations of Title VII, Section 1981, ADA and the FLSA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 3/13/2017
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Print | Save As... | Reset